```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


ROBERT WATSON                                          PETITIONER

VERSUS                         CRIMINAL ACTION NO. 5:01cr1DCBJCS
                               CIVIL ACTION NO.    5:02cv100DCBJCS

UNITED STATES OF AMERICA                               RESPONDENT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 **[docket entry 34 in criminal action and docket entry 1 in civil action]**. Having reviewed the motion, the government's response, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

## FACTUAL AND PROCEDURAL HISTORY

On January 2, 2000, the defendant, Robert Watson was stopped by a Mississippi Highway Patrolman for speeding. Upon running a check on Watson's driver's license, the officer learned that Watson was a convicted felon and had an outstanding warrant for his arrest. Watson was arrested and his vehicle was searched. The arresting officer discovered a .38 caliber revolver in Watson's vehicle. Watson was subsequently charged with one count of felon in possession of firearm as prohibited by 18 U.S.C. §922(g)(1). Watson pled guilty, and was sentenced to seventy-eight months in a federal penitentiary. Watson's sentence was enhanced by an assessment of three points under the United States Sentencing

Guidelines because of three prior misdemeanor convictions. As part of his plea agreement, Watson signed a Memorandum of Understanding in which he waived his right to appeal his conviction and/or to file a habeas corpus petition. Watson, nonetheless, filed the present § 2255 motion challenging his sentence.

## DISCUSSION

To obtain post-conviction relief under 28 U.S.C. § 2255, a petitioner attacking his conviction or sentence must prove by a preponderance of the evidence that his sentence was imposed in violation of the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.[1] See 28 U.S.C. § 2255.

The United States Supreme Court has emphasized that a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991). "After conviction and exhaustion or waiver of any

---

[1] A prisoner in custody under sentence of court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255

2

right to appeal," this Court is "'entitled to presume that [the defendant], stands fairly and finally convicted.'" Shaid, 937 F.2d at 231-32 (quoting Frady, 456 U.S. at 164). To raise claims for the first time in a motion seeking collateral relief, a petitioner must either (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error, or (2) show that he is "actually innocent" of the crime for which he was convicted. United States v. Torres, 163 F.3d 909, 911 (5th Cir. 1999). If the petitioner does not meet either burden, then he is procedurally barred from attacking his conviction or sentence. See United States v. Drobny, 955 F.2d 990, 944-95 (5th Cir. 1992). Watson argues that the enhancement of his sentence was unconstitutional inasmuch as he was not represented by counsel during the three prior convictions. Watson further contends that he was denied effective assistance of counsel in the proceedings before and after he pled guilty. The Court will address each of petitioner's arguments in turn.

### A. Enhancement of Watson's Sentence

Watson contends that his sentence was unconstitutionally enhanced under the United States Sentencing Guidelines since he was not represented by counsel in the three prior cases. Watson, however, has failed to meet his burden of proof as to this claim. Watson's Presentencing Report indicates that the three prior convictions used to enhance his current sentence were misdemeanor

3

convictions for which he did not serve time. See Presentence Investigation Report for Robert Watson. "[A]n uncounseled misdemeanor conviction, [valid at the time of the conviction], is also valid when used to enhance punishment at a subsequent conviction." Nichols v. United States, 511 U.S. 738, 749 (1994). An uncounseled conviction is considered valid if it does not involve a sentence of imprisonment. Scott v. Illinois, 440 U.S. 367, 373-374 (1979). The United States Sentencing Guidelines § 4A1.2 states that "[p]rior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed." U.S.S.G. § 4A1.2. Inasmuch as none of Watson's prior misdemeanor convictions resulted in imprisonment, there was no constitutional impediment to their inclusion as a basis for determining Watson's criminal history. Watson does not prove that the underlying convictions are constitutionally invalid, and therefore, his current claim is without merit.

**B.   Ineffectiveness Assistance of Counsel**

Watson contends that his counsel should have moved to suppress the gun that was found in his vehicle during the January 2, 2000 traffic stop. The Fifth Circuit has ruled that "[a] voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is

4

alleged to have rendered the guilty plea involuntary." U.S. v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). "In order to establish ineffective assistance of counsel, [a defendant] must show that (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced his defense." Glinsey, 209 F.3d at 392 (citing Strickland v. Washington, 466 U.S. 668, 689-94 (1984)). "With respect to guilty pleas, the prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Thus, Watson "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989). To establish prejudice, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland 466 U.S. at 694.

The Supreme Court has made clear that "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry on [any particular order] or even to address both

components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697; see also Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995) ("[A] court need not address both prongs [of the Strickland test] . . ., but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.").

Watson's claim is without merit. Watson has not provided any evidence that his counsel's failure to move to suppress the gun affected the voluntariness of his plea agreement. Moreover, he waived the right to challenge the issue of whether the gun should have been suppressed. Even assuming Watson could challenge the validity of the search of his vehicle, his argument would be without merit. Watson has not submitted any evidence demonstrating that the search was illegal. In New York v. Belton, the United States Supreme Court held that police may conduct a contemporaneous search of a vehicle once an occupant of the vehicle has been arrested. New York v. Belton, 453 U.S. 454 (1981). There is no evidence that the arresting officer conducted an unlawful search of his vehicle.

### C. Request for an Evidentiary Hearing

Watson has also petitioned the Court for an evidentiary hearing regarding the issues raised in his § 2255 motion. "The question of whether an evidentiary hearing is necessary to resolve charges of ineffective assistance depends on an assessment of the

record." United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990). "If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing." Smith, 915 F.2d at 964. However, "[i]f the record is clearly adequate to dispose fairly of the allegations, the court need inquire no further." Id. Watson's conclusory allegations of ineffective assistance of counsel fail to establish the need for an evidentiary hearing. Therefore, his request for a hearing is hereby **DENIED**.

## CONCLUSION

Based on the reasoning and authority set forth above, the Court finds that the petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is not well-taken and shall be **DENIED**. Accordingly,

IT IS HEREBY ORDERED that Petitioner Robert Watson's motion to vacate under 28 U.S.C. § 2255 **[docket entry 31]** is **DENIED.**

A separate final judgment dismissing the petitioner's civil action with prejudice shall issue in accordance with Fed. R. Civ. P. 58.

SO ORDERED, this the 26th day of April, 2005.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE

7